IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**RAMONA NUSE**                                                                 **PLAINTIFF**

vs.                                              No. 4:19-cv-2034

**KINGDOM MANUFACTURING LLC and**                        **DEFENDANTS**
**KINGDOM MANUFACTURING AR LLC**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Ramona Nuse by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Kingdom Manufacturing LLC and Kingdom Manufacturing AR LLC ("Defendants"), and in support thereof, she does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a case brought by Ramona Nuse ("Plaintiff") for work she performed for Defendants within the three-year period preceding filing of this Complaint, wherein she was misclassified by Defendants as salary/exempt, and she worked more than 40 hours in some work weeks.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants operate a business location in Houston within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. On information and belief, Defendants do business in this District and the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

7. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III.     THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and citizen of Sebastian County, Arkansas.

10. Plaintiff was employed by Defendants as a salaried clerical employee from approximately May of 2018 until November 2018.

11. Within the relevant time period, Plaintiff was classified by Defendants as exempt from overtime wages and paid a salary.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

13. Defendant Kingdom Manufacturing LLC ("Defendant Kingdom") is a domestic limited liability company, created and existing under and by virtue of the laws of the State of Texas.

14. Defendant Kingdom Manufacturing AR LLC ("Defendant Kingdom AR") is a foreign limited liability company, created and existing under and by virtue of the laws of the State of Arkansas.

15. Defendants are manufacturers of mattresses and operate manufacturing facilities and sales offices in Houston and in Fort Smith, Arkansas.

16. Defendants operate a website at the following address: https://www.kingdomsleep.com.

17. Defendant Kingdom's registered agent for service of process is Bradley F. Flores, 320 South 66th Street, Houston, Texas 77011.

18. Defendant Kingdom AR's registered agent for service of process is Bradley F. Flores, 4414 Wheeler Avenue, Fort Smith, Arkansas 72901.

19. Defendants are an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.    FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

23. Within the time period relevant to this case, Plaintiff worked for Defendants as a salaried clerical worker.  She did not have an official job title.

24. Within the time period relevant to this case, Plaintiff worked in excess of forty (40) hours per week throughout her tenure with Defendants.

25. On average, Plaintiff worked over fifty (50) hours per week. She did not receive any overtime compensation.

26. Within the time period relevant to this case, Plaintiff was misclassified as exempt and paid a salary.

27. Plaintiff never agreed that her salary would be sufficient to cover all hours worked.

28. Upon commencement of work for Defendants, Plaintiff did not sign any contract of employment setting forth their hours or wages. Her annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

29. In performing her services for Defendants, Plaintiff was not required to utilize any professional education relevant to their job duties.

30. Plaintiff was an office employee, spending time answering phones, taking orders from customers, filing paperwork, following up with customer on orders, and working with DOT managers.

31. During the course of her employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

32. Plaintiff did not select any employees for hire nor did she provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

33. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

34. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

35. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

36. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

37. Defendants did not pay Plaintiff one and one-half times their regular rate of pay for all hours worked over forty per week.

38. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

39. Plaintiff routinely used computers, telephones, office supplies, and internet service, in performing their job duties while working for Defendants. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V. CLAIM FOR RELIEF

40. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

41. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

42. Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

43. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

44. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary, and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

46. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ramona Nuse respectfully prays for relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

(c) A declaratory judgment that Defendants' practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

(g) Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RAMONA NUSE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com